**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| WARREN PARKS, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> CITY OF RICHMOND, INDIANA, et al., ) <br> ) <br> Defendants. ) | 1:12-cv-0611-JMS-MJD <br><br> CA #12-2231 |

**E N T R Y**

The plaintiff's request to proceed on appeal *in forma pauperis* has been considered. The plaintiff is not eligible for *in forma pauperis* status because of 28 U.S.C. § 1915(g) and the plaintiff's prior abusive litigation undertaken in federal court when he was a prisoner as defined in 28 U.S.C. § 1915(h). As the plaintiff is aware, the cases triggering the § 1915(g) barrier include the following:

*Parks v. Brookville I.G.A.*, 1:07-cv-1369-DFH-JMS (dismissed pursuant to 28 U.S.C. § 1915A) (Jan. 24, 2008)

*Parks v. Hon. John Williams,* 1:07-cv-1463-JDT-WTL (dismissed pursuant to 28 U.S.C. § 1915A) (Nov. 20, 2007)

*Parks v. Hon. John Williams,* 1:07-cv-1463-JDT-WTL (*in forma pauperis* status denied on appeal because appeal frivolous) (Dec. 13, 2007)

*Parks v. Brookville I.G.A.*, *et al.,* 1:08-cv-121-LJM-WTL (dismissed pursuant to 28 U.S.C. § 1915A) (March 4, 2008)

In the circumstances described above, the plaintiff was not eligible to proceed *in forma pauperis* as to his lawsuit and is likewise not eligible for that status on appeal. The lawsuit was summarily dismissed based on *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999), because "[a]n effort to bamboozle the court by seeking permission to proceed *in forma pauperis* after a federal judge has held that §1915(g) applies to a particular litigant will lead to immediate termination of the suit" and the plaintiff offers no suggestion of error in the dismissal.

An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. ' 1915; *see Coppedge v. United States,* 369 U.S. 438 (1962). "Good faith" within the meaning of ' 1915 must be judged by an objective, not a subjective, standard. *Id.* A petitioner demonstrates good faith when he seeks appellate review of any issue that is not frivolous. *Farley v. United States,* 354 U.S. 521 (1957) (absent some evident improper motive, the applicant establishes good faith by presenting any issue that is not plainly frivolous); *U.S. v. Gicinto,* 114 F.Supp. 929 (W.D.Mo. 1953) (the application should be denied if the trial court is of the opinion that the appeal is frivolous, and without merit, and a futile proceeding). Apart from the plaintiff's ineligibility to proceed on appeal *in forma pauperis*, in pursuing an appeal the plaintiff Ais acting in bad faith . . . [because] to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit.@ *Lee v. Clinton,* 209 F.3d 1025, 1026 (7th Cir. 2000). The plaintiff's request to proceed on appeal *in forma pauperis* [10] is **denied.**

**IT IS SO ORDERED.**

Date: 05/23/2012

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Warren Parks
DOC #116977
Correctional Industrial Facility
Inmate Mail/Parcels
5124 West Reformatory Road
Pendleton, IN 46064